1
2
3
4
5
6
7
8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RICK DIXON,                          )  Case No.: 1:10-cv-01412 AWI JLT
                                          )
12                   Petitioner,          )  FINDINGS AND RECOMMENDATIONS
             v.                           )  TO DENY PETITION FOR WRIT OF
13                                        )  HABEAS CORPUS
                                          )
14   MATTHEW CATE, Secretary of CDCR,     )  (Doc. 1)
                                          )
15                   Defendant.           )
     _____  )
16

17          Rick Dixon ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254, which he filed on July 22, 2010.  (Doc. 1).  Mathew

19   Cate, Secretary of the California Department of Corrections and Rehabilitation ("Respondent") filed

20   an Answer on October 27, 2010.  (Doc. 17).  On November 24, 2010, Petitioner filed his Traverse.

21   (Doc. 18).  Having considered the record and the applicable law, for the following reasons, the Court

22   recommends the petition for a writ of habeas corpus be **DENIED**.

23                      **FACTUAL AND PROCEDURAL HISTORY**

24          Petitioner is in the custody of the California Department of Corrections and Rehabilitation

25   ("CDCR"), serving a determinate sentence of 20 years pursuant to a judgment of the Superior Court

26   of California, County of San Diego.  Petitioner was sentenced on February 19, 2004, after entering a

27   guilty plea to ownership and operation of a chop shop and being in possession of a stolen property.

28   (Cal. Veh. Code § 10801; Cal. Penal Code §§ 429, 496, 667.5(b)).

                                          1

On April 22, 2008, Correctional Sergeant Kyte completed a rules violation report, documenting the discovery of a contraband weapon on April 16, 2008. (Doc. 1 at 57). The weapon, described as a disposable pen with a screw melted into the tip, was found in a light fixture in Petitioner's cell. *Id.* A disciplinary hearing was held on June 19, 2008, where the senior hearing officer considered the reports of the officers Petitioner requested testify, including Officer Overstreet and Officer Schmidt, who were interviewed by Officer Groeneweg prior to the hearing. *Id.* at 57-59. Petitioner was found guilty of having an inmate-manufactured weapon, and was assessed a loss of 360 days of behavioral credits on June 23, 2008. *Id.* at 1-2, 57-59. Petitioner's appeal to the director was denied on June 17, 2009. *Id.* at 2.

Petitioner filed a petition for writ of habeas corpus in the Superior Court of California, County of Solano on August 18, 2009. (Doc. 17, Exh. 1 at 2). Petitioner argued his due process rights were violated because "no witness or evidence [was] allowed." *Id.* at 4. On October 16, 2009, the petition was denied on the grounds that Petitioner's due process rights were not violated, and Petitioner did not establish he was prejudiced by any potential violations. (Doc. 17, Exh. 2, at 3).

On November 19, 2009, Petitioner appealed by filing a petition for writ of habeas corpus in the First Appellate District Court of Appeal. (Doc. 17, Exh. 3). Petitioner argued the senior hearing officer "didn't have enough evidence to meet the 'some' evidence criteria" and that he was denied due process as staff witnesses were not allowed and the search log books were not presented. *Id.* at 4. On November 24, 2009, the appellate court denied the petition. (Doc. 17, Exh. 4). Petitioner filed a state habeas petition in the California Supreme Court on May 3, 2010, raising the same claims (Doc. 17, Ex. 5), which was denied without comment on June 17, 2010 (Doc. 17, Exh. 6).

## **JURISDICTION**

Petitioner is challenging the result of a prison disciplinary hearing that resulted in a loss of credits. His challenge regarding the execution of his sentence is maintainable in a habeas corpus proceeding. *Tucker v. Carlson*, 925 F.2d 330, 301 (9th Cir. 1990). In addition, because the disciplinary occurred at Corcoran State Prison, located within the Eastern District of California, this Court has jurisdiction over the petition. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990).

1

**STANDARD OF REVIEW**

2      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all

3 petitions for writ of habeas corpus filed after its enactment, allows an inmate in state custody to seek

4 a writ of habeas corpus in federal court.  28 U.S.C. § 2254; *Lindh v. Murphy*, 521 U.S. 320, 336

5 (1997) (holding the AEDPA is applicable only to cases filed after its enactment).  The matter now

6 before the Court was initiated by the filing of the original petition on August 18, 2009.  Thus, this

7 matter is governed by the standards set forth in the AEDPA.

8      A petition for a writ of habeas corpus under 28 U.S.C. § 2254 will not be granted unless the

9 prisoner has exhausted state court remedies or the state does not have an available corrective process.

10 28 U.S.C. § 2254(b).  In addition, a prisoner must demonstrate that the decicion by the state court:

11         (1) resulted in a decision that was contrary to, or involved an unreasonable application
           of clearly established Federal law, as determined by the Supreme Court of the United

12         States; or
           (2) resulted in a decision that was based on an unreasonable determination of the facts

13         in light of the evidence presented in the State court proceeding.

14 28 U.S.C. § 2254(d); see also *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*,

15 529 U.S. 362, 412- 413 (2000).  Consequently, the federal court looks to the last reasoned decision

16 from the state court to determine whether habeas relief is available.  *Ylst v. Nunnemaker*, 501 U.S.

17 797, 803 (1991); *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  If the dispositive state court

18 order "does not furnish a basis for its reasoning," but was decided on the merits, the federal court

19 conducts "an independent review of the record."  *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir.

20 2002).  However, if the state court did not make a decision on the merits or denied the petition on

21 procedural grounds, the federal court must conduct a *de novo* review of the petitioner's claims.

22 *Pirtle v. Morgan*, 313. F.3d 1160, 1176 (9th Cir. 2002).

23 A.  "Clearly established Federal Law"

24      The Supreme Court clarified that "'clearly established Federal law' under § 2254(d)(1) is the

25 governing legal principle or principles set forth by the Supreme Court at the time the state court

26 renders its decision."  *Lockyer v. Andrade*, 538 U.S. at 71-72.  A decision is contrary to federal law

27 "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

28 question of law or if the state court decides a case differently than [the Supreme] Court has on a set

3

of materially indistinguishable facts." *Williams*, 529 U.S. at 413.  However, relief may not be

granted by a federal court "simply because it concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that

application must also be unreasonable." *Id.* at 411; *see also Brown v. Payton*, 544 U.S. 133, 141

(2005) (relief may be granted when a state court identifies the correct governing legal principle but

applies precedents of the Supreme Court to facts "in an objectively unreasonable manner").

B.  "Unreasonable determination of the facts"

Under the AEDPA, the factual findings of the state court are "presumed to be correct" absent

a rebuttal by the applicant with "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  However,

the presumption applies only to "pure questions of historical fact," and does not extend to a "mixed

determination of law and fact." *Lambert v. Blodgett*, 393 F.3d 943, 976 (9th Cir. 2004).  When

reviewing a factual determination, a "responsible, thoughtful answer reached after a full opportunity

to litigate is adequate to support the judgment." *Jeffries v. Wood*, 114 F.3d 1484, 1500 (9th Cir.

1997), quoting *Lindh v. Murphy*, 96 F.3d 856, 871 (7th Cir. 1996).  A state court decision

"adjudicated on the merits . . . and based on a factual determination will not be overturned on factual

grounds unless objectively unreasonable in light of the evidence presented in the state-court

proceedings." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  Generally, a factual finding is

unreasonable when "it is so clearly incorrect that it would not be debatable among reasonable

jurists." *Jeffries*, 114 F.3d at 1500.

**DISCUSSION AND ANALYSIS**

An inmate in California is entitled to due process before being disciplined where the

discipline imposed will affect the duration of his sentence. *See Sandlin v. Conner*, 515 U.S. 472,

484, 487 (1995).  However, the right to due process is subject to the restrictions imposed by the

nature of the penal system: "Prison disciplinary proceedings are not part of a criminal prosecution,

and the full panoply of rights due to a defendant in such proceedings does not apply." *Wolff v.*

*McDonnell*, 418 U.S. 539, 556 (1974).  The Supreme Court established five procedural requirements

in a prison disciplinary proceeding: (1) written notice of the charges; (2) a minimum of twenty-four

hours from the time the prisoner receives notice and the time of the hearing; (3) "a written statement

4

by the factfinders as to the evidence relied on and reasons for the disciplinary action;" (4) the right of a prisoner to defend by calling witnesses and presenting documentary evidence, when doing so is not hazardous to institutional safety or correctional goals; and (5) legal assistance when the inmate is illiterate or the issues are legally complex. *Id.* at 563-71.

In addition to the procedural requirements, there must be "some evidence" to support the findings for due process to be satisfied. *Superintendent v. Hill*, 472 U.S. 445, 457 (1985); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994). The Supreme Court explained ascertaining whether the "some evidence" standard is met "does not require an examination of the entire record, independent assessment of the credibility of witnesses, or weighing the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Further, the evidence upon which the disciplinary board bases its opinion must have "some indicia of reliability," such that the Court may ascertain the findings were not "without support or otherwise arbitrary." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987).

Petitioner asserts he was denied due process at the disciplinary hearing because "staff witnesses [were] not allowed" and evidence he wished to present, including log books and a cell search form were not considered at the hearing. (Doc. 1 at 2-3). In addition, Petitioner asserts there is not enough evidence to meet the 'some evidence' standard. *Id.* at 2.

A. Petitioner was not denied procedural due process

At the administrative hearing, Petitioner acknowledged that he received the rules violation report, photos of the evidence, and the investigative employee report more than twenty-four hours before the hearing. (Doc. 1 at 58). Petitioner indicated that he "was prepared to begin the hearing." *Id.* The hearing officer noted Petitioner's request for the officers to be present at the hearing was denied "as they were not being asked to provide any additional relevant information." *Id.*

The state court determined the procedural due process standards of *Wolff* were met by the disciplinary board. (Doc. 17, Exh. 2 at 2). The state court determined the minimum requirements of "written notice, an opportunity to call witnesses and present documentary evidence, and a written statement of reasons for the disciplinary findings" were adequately met in the disciplinary action. *Id.*

In applying these standards, the state court complied with clearly established federal law regarding procedural due process in administrative disciplinary hearings. Specifically, the state court noted Petitioner received timely advance written notice of the hearing. (Doc. 17, Exh. 2 at 2).

In addition, the state court found the testimony of witnesses requested by Petitioner was taken and considered, though witnesses were not called at the hearing:

> Although Petitioner's witnesses were denied, they were properly excluded for possessing no additional or relevant information. [Citation]. Officers Overstreet and Schmidt had provided statements to the investigative employee, Officer Groeneweg, and Petitioner fails to provide any credible evidence suggesting that these officers possessed any additional, relevant information that was not in the investigative employee's report.

*Id.* Notably, the right to call witnesses is limited, and may be refused for "irrelevance, lack of necessity, or the hazards presented in individual cases." *Wolff*, 418 U.S. at 566.

According to the state court, there was "no indication that the hearing officer refused to consider any documentary evidence presented by Petitioner or that the officer failed to provide Petitioner with the opportunity to present such evidence." (Doc. 17, Exh. 2 at 2). Petitioner asserts the cell search log books should have been in evidence at the administrative hearing, where Petitioner based his defense on the fact that "Overstreet admitted in the IE report . . . that he did not search the light fixtures on October 20, 2007 before we moved into the vacant cell." (Doc. 1 at 3, 58). However, Officer Overstreet reported to Officer Groeneweg they were unable to find the log books, and at the hearing, Petitioner stated he was "satisfied with the completed report" by Officer Groeneweg. *Id.* at 3, 58. Although Petitioner seems to allege the log books would prove Officer Overstreet's statement that he performed only a cursory search of the cell, the hearing officer possessed Officer Overstreet's admission as part of the report, and the log books would have provided no further information.

As noted by the hearing officer and the state court, the witnesses requested by Petitioner gave statements included in the investigative report, and the officers could provide no additional relevant information at the hearing. Though the right to gather and present documentary evidence is necessarily limited by the penological need for swift discipline in individual cases, *Peonte v. Real*, 471 U.S. 491, 496 (1985), the state court found no indication Petitioner was denied the opportunity to present documentary evidence. Therefore, the application of the standards set forth in *Wolff* by the

1  state court and resulting conclusion that Petitioner was not denied procedural due process at his

2  disciplinary proceeding were reasonable.

3  B.   "Some evidence" supports the findings of the disciplinary hearing.

4          At the disciplinary hearing, the hearing officer found Petitioner guilty of the possession of a

5  contraband weapon based upon the following evidence:  the disciplinary report written by Sergeant

6  Kyte in which he indicated he found a weapon inside the light fixture of Petitioner's cell, Petitioner's

7  statement that he had resided in the cell for a five-month period, a photocopy of the evidence, and the

8  fact that the weapon was "found in a location [Petitioner] has access to and would likely have

9  knowledge of it." (Doc. 1 at 59).  Notably, the relevant inquiry as to whether there is "some

10  evidence" to support the findings is whether there is *any* evidence that supports the conclusion.  *Hill*,

11  472 U.S. at 455-56.

12          The state court found that "the evidence that an inmate manufacture weapon was discovered

13  in the light fixture of Petitioner's cell to which Petitioner and his cellmate had immediate and

14  exclusive access provided an adequate basis for imputing possession under the theory of constructive

15  possession." (Doc. 17, Exh. 2 at 2).  With the many reasons set forth in the report of the hearing

16  officer, it is obvious that "some evidence" exists to support a finding that Petitioner was in

17  possession of an inmate-manufactured weapon.  Therefore, the state court reasonably concluded the

18  evidence was "the mere modicum of evidence necessary to uphold the decision of the hearing

19  officer." *Id.*, citing *Hill*, 472 U.S. at 445, 455.

20                                    **FINDINGS AND RECOMMENDATION**

21          Petitioner asserts that he was denied procedural due process, and that there was insufficient

22  evidence to find him guilty of possession of an inmate-manufactured weapon.  However, as set forth

23  above, the state court applied clearly established federal law in a proper manner, and reasonably

24  determined the disciplinary hearing was held in accordance with the procedural due process rights

25  required under *Wolff*.  Further, there was "some evidence" supporting the findings of the hearing

26  officer.

27          Accordingly, the Court **HEREBY RECOMMENDS** that Petitioner's Petition for Writ of

28  Habeas Corpus (Doc. 1) be **DENIED**.

1    These Findings and Recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

3  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

4  twenty days after being served with these Findings and Recommendations, any party  may file

5  written objections with the court.  Such a document should be captioned "Objections to Magistrate

6  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

7  within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*,

8  951 F.2d 1153 (9th Cir. 1991).

9

10  IT IS SO ORDERED.

11  Dated:  **June 1, 2011**                                   **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE